1  NICOLA T. HANNA
   United States Attorney
2  JOSEPH B. WIDMAN
   Assistant United States Attorney
3  Chief, Riverside Branch Office
   NATASHA HANEY (Cal. Bar No. Pending)
4  Assistant United States Attorney
   Riverside Branch Office
5       3403 Tenth Street, Suite 200
        Riverside, California 92501
6       Telephone: (951) 276-6144
        Facsimile: (951) 276-6202
7       E-mail:    Natasha.Haney@usdoj.gov

8  Attorneys for Plaintiff
   UNITED STATES OF AMERICA

9              UNITED STATES DISTRICT COURT

10        FOR THE CENTRAL DISTRICT OF CALIFORNIA

11 UNITED STATES OF AMERICA,        ED CR 20 - 00011

12              Plaintiff,           PLEA AGREEMENT FOR DEFENDANT
                                     TIAN YING CHI
13              v.

14 TIAN YING CHI,

15              Defendant.

16

17      1.   This constitutes the plea agreement between Tian Ying Chi

18 ("defendant") and the United States Attorney's Office for the Central

19 District of California (the "USAO") in the above-captioned case.

20 This agreement is limited to the USAO and cannot bind any other

21 federal, state, local, or foreign prosecuting, enforcement,

22 administrative, or regulatory authorities.

23                    DEFENDANT'S OBLIGATIONS

24      2.   Defendant agrees to:

25           a.   Give up the right to indictment by a grand jury and,

26 at the earliest opportunity requested by the USAO and provided by the

27 Court, appear and plead guilty to a one-count information in the form

28 attached to this agreement as Exhibit A or a substantially similar

1   form, which charges defendant with Possession of Machineguns in

2   violation of 18 U.S.C. § 922(o)(1).

3           b.   Not contest facts agreed to in this agreement.

4           c.   Abide by all agreements regarding sentencing contained

5   in this agreement.

6           d.   Appear for all court appearances, surrender as ordered

7   for service of sentence, obey all conditions of any bond, and obey

8   any other ongoing court order in this matter.

9           e.   Not commit any crime; however, offenses that would be

10  excluded for sentencing purposes under United States Sentencing

11  Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

12  within the scope of this agreement.

13          f.   Be truthful at all times with the United States

14  Probation and Pretrial Services Office and the Court.

15          g.   Pay the applicable special assessment at or before the

16  time of sentencing unless defendant has demonstrated a lack of

17  ability to pay such assessments.

18      3.   Defendant further agrees:

19          a.   To forfeit all right, title, and interest in and to

20  any and all monies, properties, and/or assets of any kind, derived

21  from or acquired as a result of, or used to facilitate the commission

22  of, or involved in the illegal activity to which defendant is

23  pleading guilty, specifically including, but not limited to, the

24  following which were seized on July 17, 2019:

25              i.   One 9mm fully automatic AR-style rifle, with

26  unknown manufacturer, bearing no serial number;

27

28

2

1           ii.   Two Glock switch conversion devices that were

2  designed and intended for the sole purpose of converting a semi-

3  automatic handgun into an automatic machinegun;

4           iii. One drop in auto sear, which was designed and

5  intended for the sole purpose of converting a semi-automatic handgun

6  into an automatic machinegun (the "Forfeitable Assets").

7          b.   To the Court's entry of an order of forfeiture at or

8  before sentencing with respect to the Forfeitable Assets and to the

9  forfeiture of the assets.

10         c.   To take whatever steps are necessary to pass to the

11  United States clear title to the Forfeitable Assets, including,

12  without limitation, the execution of a consent decree of forfeiture

13  and the completing of any other legal documents required for the

14  transfer of title to the United States.

15         d.   Not to contest any administrative forfeiture

16  proceedings or civil judicial proceedings commenced against the

17  Forfeitable Assets.  If defendant submitted a claim and/or petition

18  for remission for all or part of the Forfeitable Assets on behalf of

19  himself or any other individual or entity, defendant shall and hereby

20  does withdraw any such claims or petitions, and further agrees to

21  waive any right he may have to seek remission or mitigation of the

22  forfeiture of the Forfeitable Assets.

23         e.   Not to assist any other individual in any effort

24  falsely to contest the forfeiture of the Forfeitable Assets.

25         f.   Not to claim that reasonable cause to seize the

26  Forfeitable Assets was lacking.

27

28

1      g.    To prevent the transfer, sale, destruction, or loss of
2  any and all assets described above to the extent defendant has the
3  ability to do so.

4      h.    To fill out and deliver to the USAO a completed
5  financial statement listing defendant's assets on a form provided by
6  the USAO.

7      i.    That forfeiture of Forfeitable Assets shall not be
8  counted toward satisfaction of any special assessment, fine,
9  restitution, costs, or other penalty the Court may impose.

10     j.    With respect to any criminal forfeiture ordered as a
11 result of this plea agreement, defendant waives: (1) the requirements
12 of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding
13 notice of the forfeiture in the charging instrument, announcements of
14 the forfeiture sentencing, and incorporation of the forfeiture in the
15 judgment; (2) all constitutional and statutory challenges to the
16 forfeiture (including by direct appeal, habeas corpus or any other
17 means); and (3) all constitutional, legal, and equitable defenses to
18 the forfeiture of the Forfeitable Assets in any proceeding on any
19 grounds including, without limitation, that the forfeiture
20 constitutes an excessive fine or punishment.  Defendant acknowledges
21 that the forfeiture of the Forfeitable Assets is part of the sentence
22 that may be imposed in this case and waives any failure by the Court
23 to advise defendant of this, pursuant to Federal Rule of Criminal
24 Procedure 11(b)(1)(J), at the time the Court accepts defendant's
25 guilty plea.

26                    THE USAO'S OBLIGATIONS
27 4.    The USAO agrees to:
28          a.    Not contest facts agreed to in this agreement.

1          b.   Abide by all agreements regarding sentencing contained

2  in this agreement.

3          c.   At the time of sentencing, provided that defendant

4  demonstrates an acceptance of responsibility for the offense up to

5  and including the time of sentencing, recommend a two-level reduction

6  in the applicable Sentencing Guidelines offense level, pursuant to

7  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

8  additional one-level reduction if available under that section.

9      5.   Recommend that defendant be sentenced to a term of

10  imprisonment no higher than the low end of the applicable Sentencing

11  Guidelines range, provided that the offense level used by the Court

12  to determine that range is 18 or higher and provided that the Court

13  does not depart downward in offense level or criminal history

14  category.  For purposes of this agreement, the low end of the

15  Sentencing Guidelines range is that defined by the Sentencing Table

16  in U.S.S.G. Chapter 5, Part A.

17      6.   Except for criminal tax violations (including conspiracy to

18  commit such violations chargeable under 18 U.S.C. § 371), not further

19  criminally prosecute defendant for violations of 26 U.S.C. § 5861(d),

20  (e), or (f), or any additional violations of 18 U.S.C. § 922(o)(1),

21  arising out of defendant's conduct described in the agreed-to factual

22  basis set forth in paragraph 12 below. Defendant understands that the

23  USAO is free to criminally prosecute defendant for any other unlawful

24  past conduct or any unlawful conduct that occurs after the date of

25  this agreement. Defendant agrees that at the time of sentencing the

26  Court may consider the uncharged conduct in determining the

27  applicable Sentencing Guidelines range, the propriety and extent of

28  any departure from that range, and the sentence to be imposed after

1  consideration of the Sentencing Guidelines and all other relevant

2  factors under 18 U.S.C. § 3553(a).

3                        NATURE OF THE OFFENSE

4        7.   Defendant understands that for defendant to be guilty of

5  the crime charged in the sole count of the information attached as

6  Exhibit A, that is, Possession of a Machinegun, in violation of Title

7  18, United States Code, Section 922(o)(1), the following must be

8  true:

9             a.   First, defendant knowingly possessed a machinegun; and

10            b.   Second, defendant knew or was aware of the

11  characteristics that made the firearm a machinegun.

12  A machinegun is any weapon which shoots, is designed to shoot, or can

13  be readily restored to shoot, automatically more than one shot,

14  without manual reloading, by a single function of the trigger.   The

15  term also includes the frame or receiver of any such weapon, any part

16  designed and intended solely and exclusively, or combination of parts

17  designed and intended, for use in converting a weapon into a

18  machinegun, and any combination of parts from which a machinegun can

19  be assembled if such parts are in the possession or under the control

20  of a person.

21                            PENALTIES

22        8.   Defendant understands that the statutory maximum sentence

23  that the Court can impose for a violation of Title 18, United States

24  Code, Section 922(o)(1), is: ten years' imprisonment; a three-year

25  period of supervised release; a fine of $250,000 or twice the gross

26  gain or gross loss resulting from the offense, whichever is greatest;

27  and a mandatory special assessment of $100.

28

9.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

10.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the Court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

11.   Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The Court cannot, and defendant's attorney also may not be able to, advise defendant

1  fully regarding the immigration consequences of the felony conviction
2  in this case.  Defendant understands that unexpected immigration
3  consequences will not serve as grounds to withdraw defendant's guilty
4  plea.

5                              FACTUAL BASIS
6       12.  Defendant admits that defendant is, in fact, guilty of the
7  offense to which defendant is agreeing to plead guilty.  Defendant
8  and the USAO agree to the statement of facts provided below and agree
9  that this statement of facts is sufficient to support a plea of
10 guilty to the charge described in this agreement and to establish the
11 Sentencing Guidelines factors set forth in paragraph 14 below but is
12 not meant to be a complete recitation of all facts relevant to the
13 underlying criminal conduct or all facts known to either party that
14 relate to that conduct.

15      On July 17, 2019, defendant knowingly possessed one 9mm fully
16 automatic AR-style rifle, two Glock switches, one drop-in auto sear,
17 and four silencers at the house in which he was living with his
18 mother in Rancho Cucamonga, California.  Defendant knew that the
19 machinegun, two Glock switches, one drop-in auto sear, and four
20 silencers were in the home and he had the power and intention to
21 control them.

22      As defendant understood at the time he possessed the machinegun,
23 it was a weapon which shoots, is designed to shoot, or can be readily
24 restored to shoot, automatically, more than one shot, without manual
25 reloading, by a single function of the trigger.  As defendant
26 understood at the time he possessed the Glock switches, the Glock
27 switches were devices designed and intended solely and exclusively to
28 make a semiautomatic Glock handgun fire automatically more than one

                                    8

1   shot without manual reloading by a single function of the trigger.

2   As defendant understood at the time he possessed the drop-in auto

3   sear, the drop-in auto sear was a device designed and intended solely

4   and exclusively to make a semiautomatic handgun fire automatically

5   more than one shot without manual reloading by a single function of

6   the trigger.  As defendant understood at the time he possessed the

7   silencers, the items were in fact silencers.  Moreover, defendant had

8   not registered the silencers with the National Firearms Registration

9   and Transfer Record.

10       In addition to the items described above, defendant also

11   knowingly possessed in the home the following items:

12                   i.   Beretta pistol, model: M9A3, caliber: 9mm, serial

13   number: B007095Z;

14                   ii.  Glock pistol, model: 40 Gen 4, caliber: 10mm,

15   serial number: BHEZ123;

16                   iii. Accuracy International LTD rifle, model: AX50,

17   caliber .50 BMG, serial number: 18546;

18                   iv.  Ruger rifle, model: 10/22, caliber: .22 LR,

19   serial number: 0012-851-07;

20                   v.   Silencer, model: unknown, serial number:

21   unserialized;

22                   vi.  Silencer, model: unknown, serial number:

23   unserialized;

24                   vii. Incomplete machinegun drop-in auto sear;

25                   viii.    M16 firearm parts and accessories;

26                   ix.  FN Mfg LLC, receiver with M16 parts, model M16A4,

27   serial number: 10223701;

28

1           x.   Aero Precision Inc. receiver with M16 parts,

2  model: X15, serial number: USA24836;

3           xi.  Assortment of extended pistol and rifle

4  magazines, including high-capacity magazines;

5           xii. Springfield Armory rifle, caliber: .30M1, serial

6  number: 1964436;

7           xiii.   Two green ammunition cans with 98 rounds of

8  .50 caliber ammunition including tracer rounds;

9           xiv. Browning Arms Company pistol, model: Mach1,

10  caliber: 9mm, serial number: 245NX76866;

11          xv.  Beretta pistol, model: 92FS, caliber: 9mm, serial

12  number: H17567Z;

13          xvi. China SKS rifle, model: Type 56, caliber: 7.62 x

14  39, serial number: 270524DUP;

15          xvii.   Ten rounds of .22 LR ammunition loaded on

16  Ruger 10/22 rifle; and

17          xviii.   Containers of explosives precursor

18  chemicals.

19                     SENTENCING FACTORS

20    13.  Defendant understands that in determining defendant's

21  sentence the Court is required to calculate the applicable Sentencing

22  Guidelines range and to consider that range, possible departures

23  under the Sentencing Guidelines, and the other sentencing factors set

24  forth in 18 U.S.C. § 3553(a).  Defendant understands that the

25  Sentencing Guidelines are advisory only, that defendant cannot have

26  any expectation of receiving a sentence within the calculated

27  Sentencing Guidelines range, and that after considering the

28  Sentencing Guidelines and the other § 3553(a) factors, the Court will

1  be free to exercise its discretion to impose any sentence it finds

2  appropriate up to the maximum set by statute for the crime of

3  conviction.

4      14.  Defendant and the USAO agree to the following applicable

5  Sentencing Guidelines factors:

6  Base Offense Level:              18    U.S.S.G. § 2K2.1(a)(5)

7  Offense involved 8-24            +4    U.S.S.G. § 2K2.1(b)(1)
   Firearms

8

9  Defendant and the USAO reserve the right to argue that additional

10  specific offense characteristics, adjustments, and departures under

11  the Sentencing Guidelines are appropriate, but the USAO specifically

12  waives the right to argue that the enhancement pursuant to U.S.S.G.

13  § 2K2.1(b)(5) applies.  The base offense level set forth above is

14  based on information currently known to the government regarding

15  defendant's criminal history.  Defendant understands and agrees that

16  defendant's base offense level could be increased if defendant has

17  additional prior conviction(s) for either a crime of violence or a

18  controlled substance offense under U.S.S.G. § 2K2.1.  If defendant's

19  base offense level is so altered, defendant and the USAO will not be

20  bound by the base offense level agreed to above.

21      15.  Defendant understands that there is no agreement as to

22  defendant's criminal history or criminal history category.

23      16.  Defendant and the USAO reserve the right to argue for a

24  sentence outside the sentencing range established by the Sentencing

25  Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),

26  (a)(2), (a)(3), (a)(6), and (a)(7).

27

28

11

## WAIVER OF CONSTITUTIONAL RIGHTS

17.   Defendant understands that by pleading guilty, defendant gives up the following rights:

      a.   The right to persist in a plea of not guilty.

      b.   The right to a speedy and public trial by jury.

      c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

      d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

      e.   The right to confront and cross-examine witnesses against defendant.

      f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

      g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

      h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

18.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to

1  appeal defendant's conviction on the offense to which defendant is

2  pleading guilty.  Defendant understands that this waiver includes,

3  but is not limited to, arguments that the statute to which defendant

4  is pleading guilty is unconstitutional, and any and all claims that

5  the statement of facts provided herein is insufficient to support

6  defendant's plea of guilty.

7  <u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

8       19.  Defendant agrees that, provided the Court imposes a total

9  term of imprisonment on all counts of conviction of no more than 37

10 months' imprisonment, defendant gives up the right to appeal all of

11 the following: (a) the procedures and calculations used to determine

12 and impose any portion of the sentence; (b) the term of imprisonment

13 imposed by the Court; (c) the fine imposed by the Court, provided it

14 is within the statutory maximum; (d) to the extent permitted by law,

15 the constitutionality or legality of defendant's sentence, provided

16 it is within the statutory maximum; (e) the term of probation or

17 supervised release imposed by the Court, provided it is within the

18 statutory maximum; and (f) any of the following conditions of

19 probation or supervised release imposed by the Court: the conditions

20 set forth in General Order 18-10 of this Court; the drug testing

21 conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the

22 alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

23      20.  The USAO agrees that, provided (a) all portions of the

24 sentence are at or below the statutory maximum specified above and

25 (b) the Court imposes a term of imprisonment of no less than 30

26 months' imprisonment, the USAO gives up its right to appeal any

27 portion of the sentence.

28

1                RESULT OF WITHDRAWAL OF GUILTY PLEA

2     21.   Defendant agrees that if, after entering a guilty plea

3 pursuant to this agreement, defendant seeks to withdraw and succeeds

4 in withdrawing defendant's guilty plea on any basis other than a

5 claim and finding that entry into this plea agreement was

6 involuntary, then (a) the USAO will be relieved of all of its

7 obligations under this agreement; and (b) should the USAO choose to

8 pursue any charge that was either dismissed or not filed as a result

9 of this agreement, then (i) any applicable statute of limitations

10 will be tolled between the date of defendant's signing of this

11 agreement and the filing commencing any such action; and

12 (ii) defendant waives and gives up all defenses based on the statute

13 of limitations, any claim of pre-indictment delay, or any speedy

14 trial claim with respect to any such action, except to the extent

15 that such defenses existed as of the date of defendant's signing this

16 agreement.

17                  EFFECTIVE DATE OF AGREEMENT

18     22.   This agreement is effective upon signature and execution of

19 all required certifications by defendant, defendant's counsel, and an

20 Assistant United States Attorney.

21                     BREACH OF AGREEMENT

22     23.   Defendant agrees that if defendant, at any time after the

23 signature of this agreement and execution of all required

24 certifications by defendant, defendant's counsel, and an Assistant

25 United States Attorney, knowingly violates or fails to perform any of

26 defendant's obligations under this agreement ("a breach"), the USAO

27 may declare this agreement breached.  All of defendant's obligations

28 are material, a single breach of this agreement is sufficient for the

USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

24.   Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any

15

1   evidence derived from the statements should be suppressed or are

2   inadmissible.

3   <u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

4   <u>OFFICE NOT PARTIES</u>

5       25.   Defendant understands that the Court and the United States

6   Probation and Pretrial Services Office are not parties to this

7   agreement and need not accept any of the USAO's sentencing

8   recommendations or the parties' agreements to facts or sentencing

9   factors.

10      26.   Defendant understands that both defendant and the USAO are

11  free to: (a) supplement the facts by supplying relevant information

12  to the United States Probation and Pretrial Services Office and the

13  Court, (b) correct any and all factual misstatements relating to the

14  Court's Sentencing Guidelines calculations and determination of

15  sentence, and (c) argue on appeal and collateral review that the

16  Court's Sentencing Guidelines calculations and the sentence it

17  chooses to impose are not error, although each party agrees to

18  maintain its view that the calculations in paragraph 14 are

19  consistent with the facts of this case.  While this paragraph permits

20  both the USAO and defendant to submit full and complete factual

21  information to the United States Probation and Pretrial Services

22  Office and the Court, even if that factual information may be viewed

23  as inconsistent with the facts agreed to in this agreement, this

24  paragraph does not affect defendant's and the USAO's obligations not

25  to contest the facts agreed to in this agreement.

26      27.   Defendant understands that even if the Court ignores any

27  sentencing recommendation, finds facts or reaches conclusions

28  different from those agreed to, and/or imposes any sentence up to the

16

maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

NO ADDITIONAL AGREEMENTS

28.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///

///

1    <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

2         29.  The parties agree that this agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

5    AGREED AND ACCEPTED

6    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF

7    CALIFORNIA

8    NICOLA T. HANNA
     United States Attorney

9

10   _____          1/7/2020
     NATASHA HANEY                               Date

11   Assistant United States Attorney

12   _____          03 JAN 2020
     TIAN YING CHI                               Date

13   Defendant

14   _____          01/03/2020
     J.C. ALLEN                                  Date

15   Attorney for Defendant TIAN YING
     CHI

16

17              <u>CERTIFICATION OF DEFENDANT</u>

18        I have read this agreement in its entirety.  I have had enough

19   time to review and consider this agreement, and I have carefully and

20   thoroughly discussed every part of it with my attorney.  I understand

21   the terms of this agreement, and I voluntarily agree to those terms.

22   I have discussed the evidence with my attorney, and my attorney has

23   advised me of my rights, of possible pretrial motions that might be

24   filed, of possible defenses that might be asserted either prior to or

25   at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

26   of relevant Sentencing Guidelines provisions, and of the consequences

27   of entering into this agreement.  No promises, inducements, or

28   representations of any kind have been made to me other than those

                                   18

contained in this agreement.  No one has threatened or forced me in
any way to enter into this agreement.  I am satisfied with the
representation of my attorney in this matter, and I am pleading
guilty because I am guilty of the charge and wish to take advantage
of the promises set forth in this agreement, and not for any other
reason.

_____          03 JAN 2020
TIAN YING CHI                             Date
Defendant

### CERTIFICATION OF DEFENDANT'S ATTORNEY

I am TIAN YING CHI's attorney.  I have carefully and thoroughly
discussed every part of this agreement with my client.  Further, I
have fully advised my client of his rights, of possible pretrial
motions that might be filed, of possible defenses that might be
asserted either prior to or at trial, of the sentencing factors set
forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
provisions, and of the consequences of entering into this agreement.
To my knowledge: no promises, inducements, or representations of any
kind have been made to my client other than those contained in this
agreement; no one has threatened or forced my client in any way to
enter into this agreement; my client's decision to enter into this
agreement is an informed and voluntary one; and the factual basis set
forth in this agreement is sufficient to support my client's entry of
a guilty plea pursuant to this agreement.

_____          01/03/2020
J.C. ALLEN                                Date
Attorney for Defendant TIAN YING
CHI