NICOLA T. HANNA
United States Attorney
JERRY C. YANG
Assistant United States Attorney
Chief, Riverside Branch Office
NATASHA HANEY (Cal. Bar No. 331375)
Assistant United States Attorneys
Riverside Branch Office
     3403 10th Street, Suite 200
     Riverside, California 92501
     Telephone: (951) 276-6144
     Facsimile: (951) 276-6202
     E-mail:    Natasha.Haney@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. ED CR 20-00011-JGB |
|---|---|
| Plaintiff, | |
| v. | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT TIAN YING CHI |
| TIAN YING CHI, | Sentencing Date:   10/19/2020 |
| Defendant. | Sentencing Time:   2:00 p.m. |
| | Location:   Courtroom of the Hon. Jesus G. Bernal |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Natasha Haney, hereby files its Sentencing Position.

///

///

///

This Sentencing Position is based upon the attached Memorandum of Points and Authorities, the files and records in this case, the United States Probation Office's Presentence Investigation Report and Recommendation Letter, and such further evidence and argument as the Court may permit.

Dated: October 2, 2020              Respectfully submitted,

                                              NICOLA T. HANNA
                                              United States Attorney

                                              JERRY C. YANG
                                              Assistant United States Attorney
                                              Chief, Riverside Branch Office

                                                /s/
                                              NATASHA HANEY
                                              Assistant United States Attorneys

                                              Attorneys for Plaintiff
                                              UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Tian Ying Chi ("defendant") pleaded guilty to a single count of Possession of Machineguns in violation of 18 U.S.C. § 922(o)(1).  This case arose out the execution of a federal search warrant at the house where defendant was living with his mother in Rancho Cucamonga, California.  Agents executing the search warrant seized numerous firearms and other dangerous items from the home, including a fully automatic AR-style rifle (which defendant admitted to having assembled himself), eight other firearms including a .50 caliber rifle, high-capacity magazines, two Glock switches, four unregistered silencers, and a drop-in auto sear.

The government agrees with the calculation by the United States Probation Office ("USPO") that defendant's Guidelines range is 30 to 37 months of imprisonment and respectfully requests that the Court vary downward and sentence defendant to a term of 18 months' imprisonment, to be followed by three years of supervised release and a $100 special assessment.

According to the government's and the USPO's determination of defendant's offense level, an 18-month sentence would result in a sentence four levels below the applicable Guidelines range.  A sentence of 18 months' imprisonment is the minimum sentence necessary to accomplish the goals of sentencing set forth in 18 U.S.C. § 3553(a).  Possession of machineguns is an unquestionably serious offense, particularly in the quantities in which defendant possessed them.  However, a four-level *Booker* variance, and the resulting 18-month sentence, is warranted in light of defendant's lack of criminal history, lack of intention to hurt other people or aid others in

doing so, and immediate acknowledgment of and demonstrated remorse for his crime.

## II. STATEMENT OF FACTS

Both prior to the filing of this case and the change of plea hearing, defendant admitted to possessing a multitude of dangerous firearms and other items at the home in which he lived with his mother in Rancho Cucamonga, California. Agents with the Department of Alcohol, Tobacco, Firearms, and Explosives ("ATF") found the firearms and other items when they executed a federal search warrant at the home. (ECF No. 4, Plea Agreement ¶ 12.) Specifically, defendant admitted that at the time of the execution of the search warrant, on July 17, 2019, he knowingly possessed one 9mm fully automatic AR-style rifle (a machinegun), two Glock switches, one drop-in auto sear, and four silencers at the home. (*Id.*)

Defendant admitted that he knew that the machinegun, two Glock switches, one drop-in auto sear, and four silencers were in the home and he had the power and intention to control them. (*Id.*) Defendant also admitted to knowing the functionality of all of the machineguns he possessed. (*Id.*) He further admitted to knowing that the silencers were in fact silencers, and that he had not registered them with the National Firearms Registration and Transfer Record. (*Id.*)

In addition to the items described above, defendant admitted to having knowingly possessed the following items at the Rancho Cucamonga home:

1. Beretta pistol, model: M9A3, caliber: 9mm, serial number: B007095Z;

2. Glock pistol, model: 40 Gen 4, caliber: 10mm, serial number: BHEZ123;

2

    3.    Accuracy International LTD rifle, model: AX50, caliber .50 BMG, serial number: 18546;

    4.    Ruger rifle, model: 10/22, caliber: .22 LR, serial number: 0012-851-07;

    5.    Silencer, model: unknown; serial number: unserialized;

    6.    Silencer, model: unknown, serial number: unserialized;

    7.    Incomplete machinegun drop-in auto sear;

    8.    M16 firearm parts and accessories;

    9.    FN Mfg LLC, receiver with M16 parts, model M16A4, serial number: 10223701;

    10.    Aero Precision Inc. receiver with M16 parts, model: X15, serial number: USA24836;

    11.    Assortment of extended pistol and rifle magazines, including high-capacity magazines;

    12.    Springfield Armory rifle, caliber: .30M1, serial number: 1964436;

    13.    Two green ammunition cans with 98 rounds of .50 caliber ammunition including tracer rounds;

    14.    Browning Arms Company pistol, model: Mach1, caliber: 9mm, serial number: 245NX76866;

    15.    Beretta pistol, model: 92FS, caliber: 9mm, serial number: H17567Z;

    16.    China SKS rifle, model: Type 56, caliber: 7.62 x 39, serial number: 270524DUP;

    17.    Ten rounds of .22 LR ammunition loaded on Ruger 10/22 rifle; and

    18.    Containers of explosives precursor chemicals.

(*Id.*)

As the USPO notes, ATF agents were tipped off to defendant because address inconsistencies were found on two Firearm Transaction Records (ATF Form 4473) that defendant completed in Las Vegas earlier in 2019. (ECF No. 23, Presentence Investigation Report ("PSR") ¶ 10.) When interviewed by agents during the execution of the search warrant, defendant stated that it had been a "misunderstanding" for him to use a P.O. Box rather than his residential address on the forms. (*Id.* ¶ 13.)

Defendant also admitted to agents that he had built the 9mm fully automatic AR-style rifle that was seized pursuant to the warrant. (*Id.*) Regarding the Glock switches, defendant told agents that he had ordered two and taken them to a range in the desert, where he "had fun with them" and then put them away. (*Id.*) Defendant acknowledged that he knew that he was not allowed to possess machineguns or auto sears. (*Id.*)

**III. SENTENCING GUIDELINES CALCULATIONS: RANGE OF 30 to 37 MONTHS**

The government agrees with the Probation Officer's calculations of a total offense level of 19 and a Criminal History Category of I. The Probation Officer's offense level calculation is as follows:

| Base Offense Level: | 18 | U.S.S.G. § 2K2.1 |
|---|---|---|
| Specific Adjustments: | +4 | U.S.S.G. § 2K2.1(b)(1)(B) |
| Acceptance of Responsibility: | -3 | U.S.S.G. § 3E1.1(a),(b) |
| Total: | 19 | |

(PSR ¶¶ 16-26.) Defendant falls within Criminal History Category I for having zero criminal history points. (*Id.* ¶ 28-32.) The resulting Guidelines range based on an offense level of 19 within Criminal History Category I is 30 to 37 months' imprisonment. (*Id.*)

4

**IV. GOVERNMENT'S RECOMMENDED SENTENCE: 18 MONTHS' IMPRISONMENT AND 3 YEARS' SUPERVISED RELEASE**

The Sentencing Guidelines are the "starting point and the initial benchmark" for sentencing. *United States v. Carty*, 520 F.3d 984, 996 (9th Cir. 2008). After calculating the Guidelines range, the Court must consider "the nature and circumstances of the offense" and "the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The Court should then consider the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

18 U.S.C. § 3553(a)(2). The Court should impose a sentence that is sufficient, but not greater than necessary, to satisfy these statutorily prescribed sentencing objectives. 18 U.S.C. § 3553(a).[1]

---

[1] The government's discussion of the § 3553(a) factors in this section is meant only to support its recommended sentence of 18 months' imprisonment, which is more than what the Probation Office has recommended. Nothing in this section should be construed as suggesting that a sentence of more than 18 months is appropriate under the § 3553(a) factors.

5

**A. 18-Month Sentence Is Appropriate Based on Nature of the Offense and the History and Characteristics of Defendant**

In sentencing, a court should consider the nature and circumstances of the offense and the history and characteristics of Defendant. *See* 18 U.S.C. § 3553(a)(1). Defendant has never previously been convicted of a crime and has a documented employment history as a United States Merchant Mariner. (PSR ¶¶ 71-72.) On the other hand, he amassed an astonishing array of weaponry which he was obviously not permitted to possess, and which he admitted he knew he was not permitted to possess. On balance, as further described below, an 18-month sentence--after the application of a four-level variance--is appropriate considering the nature of the offense and defendant's history.

**B. 18-Month Sentence Is Appropriate Balancing the Seriousness of the Offense against Mitigating Evidence**

While the government agrees with the USPO that a downward *Booker* variance is warranted, the government does not believe the sentence recommended by the USPO--three years of probation with six months of home confinement, which represents an eight-level downward *Booker* variance--is appropriate. Balancing the seriousness of the offense against the evidence in mitigation, the government submits an 18-month sentence is warranted.

This offense is especially serious because defendant's collection of weaponry included machineguns, as well as other dangerous firearms and items that could have endangered defendant, his family, and/or the community. Machineguns are "practically of no use except for a criminal purpose," *United States v. Huffines*, 967 F.2d 314, 321 (9th Cir. 1992), and are "inherently dangerous" and

"primarily weapons of war" with "no appropriate sporting use or use for personal protection," *Hollis v. Lynch*, 827 F.3d 436, 448 (5th Cir. 2016) (internal citations and quotations omitted). Given machineguns' dangerous nature, defendant had no reason for possessing them at all, much less in the quantities he did.

As evidence in mitigation, from the beginning of this investigation, defendant owned up to his conduct and was cooperative, providing a lengthy statement in which he gave the investigating agents a full account of his conduct and described what had led him to accumulate so many weapons. Defendant's representation that the instant offense stems from a collecting habit that he struggled to control, rather than lack of respect for the law or a desire to harm anyone, is corroborated by many of the character reference letters provided to the USPO and referenced in the PSR. (*See* PSR ¶¶ 48-61.)

During the search of his residence, defendant assisted agents with finding all unlawful items that he was storing in the home and voluntarily surrendered the firearms and ammunition remaining in his possession (which were not seized during the search of his residence) to the San Bernardino County Sheriff's Department. (PSR ¶ 15.) Throughout the pendency of this case, defendant has expressed a consistent and apparently heartfelt willingness to accept responsibility for his actions--a rarity in the criminal justice system.

Accordingly, although the government does believe that a substantial amount of custodial sentence is appropriate to punish defendant's serious and dangerous conduct, to protect the community, and to deter defendant and the general public from similar future conduct, the government believes the mitigating evidence warrants

significant variance from the 30-37 month Guidelines sentence. Balancing all § 3553(a) factors, an 18-month sentence is sufficient, but not greater than necessary, to satisfy the goals of sentencing.

**V.    CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court sentence defendant to 18 months' imprisonment to be followed by a 3-year term of supervised release and a $100 special assessment.